**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Lavon Bernard Julius, Appellant.

Appellate Case No. 2023-001994

---

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-124
Submitted March 2, 2026 – Filed March 18, 2026

---

**AFFIRMED**

---

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

---

**PER CURIAM:** Lavon Bernard Julius appeals his conviction for murder and sentence of life imprisonment without the possibility of parole. On appeal, Julius

argues the trial court erred in failing to instruct the jury on voluntary manslaughter because he was acting in the sudden heat of passion upon sufficient legal provocation. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in refusing to instruct the jury on voluntary manslaughter because although there was evidence Julius shot the victim upon sufficient legal provocation, no evidence showed Julius was acting in a sudden heat of passion. *See State v. Perry*, 440 S.C. 396, 403, 892 S.E.2d 273, 276 (2023) ("An appellate court will not reverse the trial [court's] decision regarding a jury charge absent an abuse of discretion." (quoting *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010))); *State v. Starnes*, 388 S.C. 590, 596, 698 S.E.2d 604, 608 (2010) ("Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation."); *State v. Payne*, 434 S.C. 121, 142, 862 S.E.2d 81, 91 (2021) (holding a trial court must view the facts in a light most favorable to the defendant in determining whether the evidence requires a charge on voluntary manslaughter); *State v. Pittman*, 373 S.C. 527, 573, 647 S.E.2d 144, 168 (2007) (stating an overt, threatening act or physical encounter may constitute sufficient legal provocation); *id.* at 574, 647 S.E2d at 169 (defining the sudden heat of passion as an act or event that "must be such as would naturally disturb the sway of reason, and render the mind of an ordinary person incapable of cool reflection, and produce what, according to human experience, may be called an uncontrollable impulse to do violence"). Although portions of Julius's wife's testimony suggested that Julius may have been afraid because of the victim's size accompanied by grabbing his shirt and pulling a gun on him, multiple witnesses described Julius as "calm" and "nonchalant" after the shooting. Additionally, there was no evidence the victim and Julius were engaged in a fight or argument prior to the shooting. Further, no weapon was found belonging to the victim. Thus, there is no evidence that Julius was acting in a sudden heat of passion. *See Starnes*, 388 S.C. at 598, 698 S.E.2d at 609 (stating the mere fact a person is afraid is not sufficient to entitle a defendant to a voluntary manslaughter charge); *id.* at 599, 698 S.E.2d at 609 (holding there must be evidence the defendant "was out of control as a result of his fear or was acting under an uncontrollable impulse to do violence"); *Payne*, 434 S.C. at 136, 862 S.E.2d at 88 ("For a defendant to be entitled to a voluntary manslaughter charge, there must be evidence of both sufficient legal provocation and heat of passion at the time of the killing.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, MCDONALD, and TURNER, JJ., concur.**